Filed 3/17/26  P. v. Poe CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID POE,<br><br>Defendant and Appellant. | F088728<br><br>(Super. Ct. No. DF011278A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Keith Fox, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Peña, J. and Harrell, J.

**INTRODUCTION**

In 2014, a jury convicted defendant David Poe of possessing a weapon, a knife, in prison (Pen. Code, § 4502, subd. (a)) and he was sentenced to 25 years to life in prison pursuant to the Three Strikes law, plus one year for a prison prior enhancement (§ 667.5, former subd. (b)), to be served consecutive to his 83-year sentence.[1]  (All further statutory references are to the Penal Code except where otherwise indicated.)  In 2024, the trial court resentenced defendant pursuant to section 1172.75, striking the now-invalid prison prior enhancement but denying defendant's motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) seeking to dismiss eight of his nine strike priors from 1990.  The court resentenced defendant to 25 years to life.

On appeal, defendant contends the trial court erred in denying his *Romero* motion, asserting his current offense was minor in nature and dissimilar to his 1990 convictions.

We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

**CHARGES, VERDICT, AND ORIGINAL SENTENCE**

Defendant was charged with felony unlawful possession of a weapon, to wit:  a sharp instrument, while confined in a penal institution (§ 4502, subd. (a)) after he admitted to a correctional officer in a written note that he had a knife in his property and a sharp object was recovered from defendant's pillow.  It was also alleged that defendant had suffered 10 prior convictions that qualified as strike priors (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)):  a violation of former section 261, subdivision (2) (rape by force or fear) on or about August 27, 1990 (Super. Ct. Sonoma County, No. SCR16036), a violation of section 288a, subdivision (c) (forcible oral copulation) on or about August 27, 1990 (Super Ct. Sonoma County, No. SCR16036), a violation of

---

[1] Defendant filed a motion for judicial notice on July 23, 2025, asking our court to take judicial notice of the unpublished opinion in his prior appeal.  Our court granted the motion for judicial notice the next day.

2.

section 264.1 (rape in concert with force or violence) on or about August 27, 1990 (Super. Ct. Sonoma County, No. SCR16036), a violation of section 289, subdivision (a) (sexual penetration with a foreign object with force) on or about August 27, 1990 (Super. Ct. Sonoma County, No. SCR16036), a violation of former section 261, subdivision (2) (rape by force or fear) on or about August 27, 1990 (Super. Ct. Sonoma County, No. SCR16036), a violation of section 288a, subdivision (c) (forcible oral copulation) on or about August 27, 1990 (Super Ct. Sonoma County, No. SCR16036), a violation of section 264.1 (rape in concert with force or violence) on or about August 27, 1990 (Super. Ct. Sonoma County, No. SCR16036), a violation of section 289, subdivision (a) (sexual penetration with a foreign object with force) on or about August 27, 1990 (Super. Ct. Sonoma County, No. SCR16036), a violation of former section 261, subdivision (2) (rape by force or fear) on or about August 27, 1990 (Super. Ct. Sonoma County), and a violation of section 245, subdivision (a)(1) (assault with a deadly weapon) on or about December 28, 1986 (Super. Ct. Sonoma County No. 13979-C). It was further alleged that defendant served one prior prison term (§ 667.5, former subd. (b)) for a violation of section 245, subdivision (a)(1) (assault with a deadly weapon) on or about December 28, 1986 (Super. Ct. Sonoma County No. 13979-C).

On February 6, 2014, a jury convicted defendant of the violation of section 4502, subdivision (a) (count 1), and the trial court found true nine strike prior enhancement allegations (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), and the prison prior allegation (§ 667.5, former subd. (b)).[2]

Before sentencing, defendant filed a motion to strike his prior strike convictions pursuant to *Romero*, *supra*, 13 Cal.4th 497. The trial court denied defendant's motion. In denying the motion, the court explained it did not need to consider defendant's juvenile

---

[2] The trial court found not true a strike prior allegation related to a violation of section 245, subdivision (a)(1) (assault with a deadly weapon) on or about December 28, 1986 (Super. Ct. Sonoma County No. 13979-C).

records. It considered defendant's criminal history including his 1976 convictions from Sonoma County where he received a sentence of 35 years to life in 1976 and was subsequently paroled, and then his ongoing convictions in 1985, 1986, and the 1990 convictions that led to his current incarceration on a sentence of 83 years. The court noted that defendant committed the 1989 strike offenses within days after his release from custody and he has been in custody since then. It concluded defendant could not "be deemed outside the spirit of the Three Strikes law in any part and may not be treated as though he had not been previously convicted of those serious and/or violent felonies."

The trial court sentenced defendant to a term of 25 years to life on count 1 pursuant to section 667, subdivision (e) plus an additional year for the prison prior conviction enhancement (§ 667.5, former subd. (b)) for a total aggregate term of 26 years to life. Defendant appealed the judgment, asserting in part the court erred in failing to strike his strike priors pursuant to *Romero*. (See *People v. Poe* (Jan. 14, 2016, F069089) [nonpub. opn.].) We affirmed the judgment. (See *ibid.*)

**RESENTENCING PROCEEDINGS**

After the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), defendant filed a petition for resentencing and to strike his legally invalid enhancement pursuant to section 1172.75 and Senate Bill 483. The trial court held a hearing on September 29, 2023, during which it granted defendant's petition for resentencing pursuant to section 1172.75. The court referred the matter for a supplemental probation officer's report to be prepared.

Defendant filed a sentencing statement pursuant to section 1172.75 and *Romero*, asking the trial court to resentence him to no more than six years based upon the nature of the facts in this case. Defendant stated this case involved him voluntarily admitting to prison authorities that he had a weapon when he learned of a planned move for him to a different yard within the prison. He asserts "[b]ecause of his honesty," he "was eventually sentenced to an additional 25 years to life." He noted his "prior convictions,

4.

although serious, were all committed in the 1990s." He argued that he was now 66 years old and, due to his age, he posed a lower threat to society. Defendant attached to the statement references stating he needs a knee brace, wheelchair, and cane and suffers from arthritis. He also included documentation evidencing that he attempted suicide in 2020; he completed several milestones required by the prison; and he participated in education. Defendant also filed a supplemental sentencing statement pursuant to section 1172.75 including evidence of rehabilitative work that he had undertaken, including certificates of completion for self-help groups, evidence of his educational achievements, a support letter, and a statement providing that he is an active member and practitioner of Native American Traditional Religion.

The trial court held a resentencing hearing on October 2, 2024, at which it considered defendant's sentencing statement and the *Romero* motion seeking to strike his strikes. Defense counsel then argued, "The strikes that were alleged that would constitute the two strikes were all from a single incident in 1990…. It was more than 20 years after his commitment to prison that this offense occurred and, in the meantime, [defendant] had not received any disciplinary action that resulted in any type of new crimes. The first offense that was committed was more than 20 years after the commission of the crimes that got him in prison." Defense counsel urged the court to look at defendant's rehabilitative efforts, noting that because of the lengthy sentence that was imposed in 1990, "much of the rehabilitation efforts were … not available to him because of the sentence," and that the prison system had "ramped up" rehabilitative opportunities in the last 10 years of which defendant had taken advantage. She argued defendant had taken advantage of education and self-help groups and worked "constantly" since his commitment to state prison. She also asserted, "in this particular case, it was his actions of telling the guard that he had a weapon. And he willingly turned it over, so it's not as if he hurt anybody or attempted to hurt anybody or anything that would show he was

aggressive towards anybody." She asked the court "to strike the strikes and sentence him as if it were a one-strike case, which would be four years."

The People objected to the striking of any strikes. The prosecutor noted that the strikes were "very old and remote in time," but asserted defendant was currently incarcerated for violent sex crimes against individuals. She acknowledged defendant had "taken advantage of the resources while incarcerated to do better and to better himself, gain education, gain a little bit more mindfulness and insight as to why he was there in the first place." However, "[g]iven the nature of the charges and the repeat of the charges, in addition to misdemeanors and other convictions within his entire rap sheet," the People asserted, defendant was not "a good candidate" for a *Romero*. The prosecutor noted that defendant had a weapon in prison, which he knew he was not permitted to have. And, though he informed the officers he had that particular weapon, that was not "enough to strike both of his strikes."

The trial court declined to exercise its discretion under section 1385 to strike defendant's prior strikes. The court stated it was "considering everything available … with regard to … defendant's background, the nature of his present offenses and other individualized consideration in exercising [its] discretion." It further explained that it understood its discretion and the factors to consider in exercising that discretion. In considering those factors, the court noted, "defendant has been incarcerated since his conviction and sentencing in the Sonoma County case since approximately 1990. He has not been free of custody and out living in society and able to show the Court if he's able to conform to the rules and norms of society and be a law-abiding citizen." The court highlighted defendant's "considerable criminal record that goes back to his juvenile sustained-petitions adjudication in 1973," and "an ongoing pattern of criminality throughout his adult life, the '70s and the '80s, finally resulting in his conviction and lengthy sentence in Sonoma County, and then the current offense." The court noted that though defendant gave a note to the correctional officer stating he did not want to be

6.

released because he had a weapon, "the motivation for him doing that is unclear." The court commended defendant "for his ongoing efforts to rehabilitate." Nonetheless, it concluded "this does not rise to the level of persuading the Court that he is falling outside of the scope and purpose of the Three Strikes Law." Having considered all those factors, the court found "that striking any of the strikes would not be in the furtherance of justice." Accordingly, it denied the *Romero* motion.

The trial court then reinstated the terms of the original sentence without the stricken section 667.5, former subdivision (b) prison prior enhancement for a total term of 25 years to life to be served consecutive to defendant's sentence in Sonoma County No. SCR16036.

## DISCUSSION

Defendant argues the court abused its discretion in declining to strike his strike priors pursuant to *Romero* during resentencing. We disagree.

### A. Standard of Review and Applicable Law

" '[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders.' [Citation.] To achieve this end, 'the Three Strikes law … establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) "[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id.* at p. 378.)

A trial court has discretion under section 1385, subdivision (a) to strike prior felony conviction allegations in cases brought under the Three Strikes law.  (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.)  In deciding whether to strike a prior felony conviction allegation, the court must "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review a trial court's decision to deny a motion to strike prior strike allegations for an abuse of discretion.  (*Carmony*, *supra*, 33 Cal.4th at p. 374.)

> "In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.]  Second, a ' "decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*Carmony*, *supra*, 33 Cal.4th at pp. 376–377.)

"Because the circumstances must be 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary."  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

**B.     Analysis**

Defendant argues the trial court abused its discretion in denying his *Romero* motion.  He asserts the court failed "to properly consider the minor nature of [his] current offense and that his prior strike convictions were remote."  He contends the resulting sentence was disproportionate to the offense's severity, which he contends "was neither serious nor violent."  He cites *People v. Dryden* (2021) 60 Cal.App.5th 1007 (*Dryden*) and *People v. Avila* (2020) 57 Cal.App.5th 1134 (*Avila*) in support of his contention.  He argues, given the circumstances of his case, including his age (67 at the time of resentencing), the "significant sentence he was already serving in Sonoma County, and the minor nature of his current 2014 offense," the court abused its discretion by denying him "a meaningful opportunity for release from prison."

We cannot conclude the trial court abused its broad discretion in declining to strike defendant's prior strike convictions.  Here, the court was entitled to consider, as it did, defendant's extensive criminal history, which supported its ruling.  (See *People v. Williams*, *supra*, 17 Cal.4th at p. 161.)  As the court noted, defendant's criminal history dates back to his juvenile sustained petitions adjudication in 1973, and he had an ongoing pattern of criminality through the 1970s and 1980s.  The probation report reflects multiple convictions for serious and violent felonies.  In 1973, defendant was adjudicated a ward of the court and placed on probation for petty theft (§ 488).  In 1976, defendant suffered convictions for kidnapping (§ 207), oral copulation by force in concert (former § 288a, subd. (d)), sodomy (§ 286), and three counts of rape in concert (§ 264.1).  He was sentenced to 35 years to life but paroled in 1983 and discharged from parole in November 1984.  In 1985, defendant was convicted of having an unauthorized controlled substance while in custody (§ 4573.6), vandalism (§ 594, subd. (a)), and battery (§ 242).  In 1986, defendant was placed on probation for a petty theft conviction (§ 488) and then, while on probation, he was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)), battery (§ 242), and vandalism (§ 594, subd. (b)(3)).  Defendant was granted parole on

9.

February 6, 1989, and then, two days later, on February 8, 1989, he committed false imprisonment (§ 236) and multiple sex offenses that qualify as strike priors including three counts of forcible rape (former § 261, subdivision (2)), two counts of rape in concert (§ 264.1), two counts of forcible oral copulation (former § 288a, subd. (c)), two counts of sexual penetration with a foreign object on a minor (§ 289, subds. (a), (h)), and two counts of oral copulation with a minor (former 288a, subd. (b)(1)). These strike offenses qualify as sexually violent offenses and "super strikes." (See § 667, subd. (e)(2)(C)(iv); Welf. & Inst. Code § 6600, subd. (b).) He was sentenced to 83 years eight months in prison for the 1989 crimes and committed the instant offense in 2013 while incarcerated for those convictions.

We disagree with defendant's claim that the trial court did not "properly consider the remoteness" of his prior strike convictions. (Bold omitted; see *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].) Rather, the court was aware of when the strike convictions occurred and the parties expressly addressed the issue of potential remoteness. Nonetheless, the court was permitted to consider, as it did, that defendant had been incarcerated since his convictions for the 1989 offenses and the fact that these convictions occurred in 1990 did not necessarily take defendant out of the spirit of the Three Strikes law. (See *People v. Vasquez* (2021) 72 Cal.App.5th 374, 390 ["In analyzing whether a defendant's prior criminal conduct was 'remote,' a trial court should consider whether the defendant 'was incarcerated a substantial part of the intervening time and thus had little or no opportunity to commit' additional crimes"]; see also *Avila*, *supra*, 57 Cal.App.5th 1134 at p. 1141 ["[T]he remoteness of prior strikes alone is not sufficient to take a defendant out of the spirit of the Three Strikes law"].) Furthermore, contrary to defendant's suggestion, the record does not establish the court disregarded his rehabilitative efforts. Indeed, the court "commend[ed]" defendant for his efforts to rehabilitate, but noted his rehabilitation

10.

efforts did not "rise to the level of persuading the Court" that he fell outside of the spirit of the Three Strikes law.

On the record before us, we cannot say the trial court's conclusion that defendant did not lie outside of the intent of the Three Strikes law was so irrational or arbitrary that no reasonable person could agree with it. (See *People v. Stone* (1999) 75 Cal.App.4th 707, 717 [no abuse of discretion in refusing to vacate one of defendant's strikes because defendant "is an exemplar of the 'revolving door' career criminal to whom the Three Strikes law is addressed"].) Accordingly, we cannot conclude it abused its discretion in refusing to strike defendant's prior strikes.

*Avila* and *Dryden* do not persuade us otherwise. In *Avila*, the Court of Appeal concluded the trial court abused its discretion in denying the defendant's *Romero* motion. (*Avila*, *supra*, 57 Cal.App.5th at p. 1145.) The *Avila* court concluded the defendant's current offenses, which related in part to the defendant smashing oranges, were not violent and "less reprehensible conduct" and "[m]uch of his criminal conduct appear[ed] to be related to his drug addiction." (*Ibid*.) The court also found it significant that Avila's prior strikes were "remote and committed when he was of diminished culpability based on his age," in that he was under 21 years old. (*Id*. at pp. 1141, 1145.)

In *People v. Dryden*, *supra*, 60 Cal.App.5th 1007, a jury convicted the defendant of two counts of assault with a deadly weapon and the court found true allegations the defendant had three prior strike convictions and sentenced him to 25 years to life consecutive to 15 years. (*Id*. at pp. 1013, 1016.) The charges arose from an incident during which the defendant, who was homeless and intoxicated at the time, got in a fight with a group of young men in a parking lot during which defendant wielded a stick. (*Id*. at pp. 1014–1015.) The *Dryden* court concluded the trial court erred in denying the defendant's *Romero* motion, referring to the probation report and stating the "defendant's circumstances were critical here," noting his " 'history of homelessness, mental health issues, and alcoholism … most likely contributed to his actions.' " (*Id*. at p. 1031.) The

11.

*Dryden* court also found the record did not support the trial court's conclusion that the charged crimes were similar to the defendant's prior strike convictions. (*Ibid*.) It "disagree[d] with the trial court's determination that a sentence tantamount to life in prison was proportionate," finding the evidence showed the instant offenses "resulted from a late-night, spontaneous altercation between an intoxicated and mentally ill homeless person and a group of youths." (*Id*. at pp. 1031, 1032.) The *Dryden* court found the case presented "that rare instance of an absurd result under the Three Strikes law that goes beyond mere disagreement with the trial court's decision." (*Id*. at p. 1031.)

Unlike in *Avila*, here, defendant was not "of diminished culpability" when he committed his strike convictions; he was 31 years old at the time they were committed. And the majority of his prior convictions were not for conduct related to drugs, but rather involved serious felonies including violent sexual offenses, kidnapping, and assault with a firearm. And, as discussed, though defendant's strike convictions occurred in 1990, he had been in prison since his arrest in February 1989; thus, his opportunity to commit additional crimes has been limited. (See *People v. Vasquez*, *supra*, 72 Cal.App.5th at p. 390.) Accordingly, *Avila* is inapposite. *Dryden* also does not compel a different result. The instant case did not involve contributing factors such as homelessness, mental health issues, and alcoholism as was the case in *Dryden*. And we cannot conclude it presents the "rare instance of an absurd result under the Three Strikes law that goes beyond mere disagreement with the trial court's decision." Rather, for the reasons stated, we cannot conclude the court acted arbitrarily or irrationally in denying defendant's *Romero* motion.

We reject defendant's sole contention.

## DISPOSITION

The judgment is affirmed.

12.